# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2010

Charles R. Fulbruge III
Clerk

No. 09-30030

LAURIE ANCONA REINE,

Plaintiff-Appellant

v.

HONEYWELL INTERNATIONAL INC,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-673

Before REAVLEY, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In this Title VII case, Laurie Reine alleges sex discrimination and retaliation by her employer, Honeywell International Inc. The district court granted summary judgment in Honeywell's favor, determining that Reine had not created any genuine issue of material fact on either claim. We AFFIRM.

Reine began working as an operator at Honeywell in 1994 at its Hydrofluoric Acid Unit in Geismar, Louisiana. In July of 2002, Reine was promoted to relief backup board operator and transferred to the "D" shift under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30030

the supervision of John Gautreau, for whom she worked until July of 2005. During that time, Reine contends that Gautreau made a number of discriminatory statements. She does not allege that Gautreau engaged in any inappropriate touching or sexual advances.

Reine asserts that Gautreau was rude, offensive, and harsh. She cites a number of instances where he used inappropriate language and made overtly personal remarks about Reine's abilities and performance, though only a few of these made any reference to her sex. Reine was able to identify 15-20 instances of harassment in her three years on Gautreau's shift. Reine also introduced evidence that Gautreau treated other female employees and her African-American co-workers quite poorly. She provided deposition testimony that Gautreau displayed similarly demeaning behavior towards all of his subordinates, including several white males.

In approximately February 2005, Reine complained to management about Gautreau's actions. She met with Honeywell's Operations Manager, Plant Manager, and Human Resources Manager. The company conducted an investigation. Gautreau admitted to making two of the statements. Honeywell required Gautreau to attend coaching sessions for his behavior. In July 2005, Reine was promoted and transferred away from Gautreau's supervision.

Reine further claims that Honeywell engaged in unlawful retaliation after she complained about Gautreau's behavior. She alleges that she was denied a bonus in late 2005, and that Gautreau failed to call her for overtime around the same period. Reine also asserts that she was denied promotions in March and October of 2005, as well as in mid-2006.

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 645 (5th Cir. 2008). "In determining whether a genuine issue as to any material fact exists, [the court] must view the evidence in the light most

2

favorable to the nonmoving party." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348-49 (5th Cir. 2008).

Reine seeks relief under Title VII, arguing Gautreau's behavior created a "hostile work environment" at Honeywell. A hostile work environment claim arises in cases where harassment occurred, but no tangible adverse employment action was taken. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753-54 (1998). If an employee proves a hostile work environment claim against her immediate supervisor, the employer is subject to vicarious liability. *Id.* at 765.

A plaintiff who alleges a hostile work environment claim pursuant to Title VII must typically prove five elements: (1) she belongs to a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and did not take prompt remedial action. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 393 (5th Cir. 2007). Proof of the fifth element is not required where, as here, the purported harasser is a supervisor. *Id.* at 393 n.2.

The district court in this case concluded that Reine was unable to prove that Gautreau's treatment was "based on sex" as required by the third element.

The "critical issue" in determining whether workplace activities constitute harassment based on sex is "whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (citation omitted). "Title VII is not a shield against harsh treatment at the workplace; it protects only in instances of harshness disparately distributed." *Jackson v. City of Killeen*, 654 F.2d 1181, 1186 (5th Cir. 1981).

Reine's allegations easily prove that Gautreau was insulting and demeaning. More must be shown, though: did Gautreau's behavior evidence a

specific discriminatory animus against Reine because of her sex? Reine's evidence itself undercuts any inference of sex discrimination. Testimony from numerous employees – male and female – demonstrates that Gautreau was an "equal opportunity" harasser. When the conduct is equally harsh towards men and women, there is no hostile work environment based on sex. *See Butler v. Yselta Indep. Sch. Dist.*, 161 F.3d 263, 270-71 (5th Cir. 1998).

This high standard for judging hostility is specifically intended to prevent Title VII from becoming a "general civility code" for the workplace. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted). Reine bore the burden to prove that Gautreau's behavior towards female employees was more severe than his treatment of males in the same position. *See Oncale*, 523 U.S. at 80. She has not done so.

Additionally, Reine alleges that Honeywell unlawfully retaliated against her following her discrimination complaint. In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). Assuming that the plaintiff makes such a showing, the burden shifts to the employer to articulate nondiscriminatory reasons for its employment action. *Id.* at 557. If the employer satisfies this burden, the plaintiff bears the ultimate responsibility to prove that the employer's proffered reasons are a pretext for its true discriminatory motivation. *Id.*

The district court determined that even if Reine could prove that Honeywell engaged in adverse employment actions, she did not demonstrate a causal link between her discrimination complaint and the alleged adverse action, nor did she rebut Honeywell's non-retaliatory reasons for its behavior. Reine's retaliation claims stem from the denial of a single overtime opportunity and the

No. 09-30030

denial of a discretionary bonus, both of which occurred approximately ten months after her complaint was filed. She also alleges that she subsequently did not receive three promotions in 2005 and 2006.

On summary judgment, Honeywell offered non-retaliatory reasons for each event. Honeywell introduced testimony that Gautreau followed proper company protocol when assigning overtime to a different employee on the date that Reine identified. Honeywell also showed that most employees at the plant did not receive the bonus that Reine claimed to have lost. In fact, the evidence showed that the board operator – the highest ranking employee on any given shift – received the discretionary bonus to the exclusion of all others.

As to the alleged failures to promote, the evidence demonstrated that Reine actually was promoted to backup board operator after the filing of her complaint. Concerning her applications for a further promotion, Honeywell offered uncontradicted testimony that the decision-makers at the plant unanimously concluded that Reine was not yet qualified for the job.

A pretext is shown only if the adverse employment action would not have occurred "but for" the protected conduct. *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005). Reine's subjective belief and conclusory allegations of retaliation are insufficient to demonstrate pretext. *Id*. Therefore, Reine has not met her initial burden to prove retaliation.

AFFIRMED.

5